UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:16-cv-81522- RLR

PATRICK WILLIAMS,

        Plaintiff,
v.

BROOKLYN WATER ENTERPRISES, LLC,
A foreign limited liability company,

        Defendant,
_____/

### JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff PATRICK WILLIAMS ("Plaintiff") and Defendant BROOKLYN WATER ENTERPRISES, LLC ("Defendant") (collectively the "Parties"), by their undersigned counsel, file this Joint Renewed Motion for Approval of Settlement Agreement and Dismissal with Prejudice. In support of their Renewed Motion, the Parties state as follows:

### ARGUMENT

The compromise of a claim for wages under the Fair Labor Standards Act must be either supervised by the United States Department of Labor or approved by the district court. *See Lynn's Foods Stores, Inc. v. United States,* 379 F.2d 1350 (1982). If the proposed settlement in an employee's FLSA suit reflects a reasonable compromise over the disputed issues, the district court is authorized to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354. There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynne's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case,

permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The instant settlement was the negotiated result of an adversarial proceeding, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

### I.  Plaintiff's Unpaid Wage Claim

Although this case was only recently filed, the parties have been addressing, negotiating and discussing this matter since April 28, 2016, when Plaintiff's counsel first sent a demand letter for the wages at issue. From that time forward in April through the date of the Notice of Settlement, counsel for the parties exchanged detailed pay and time records, analyzed same, and exchanged information regarding witnesses position's and testimony, and each respective party's theory of the case. Plaintiff's position was that Defendant failed to pay him proper overtime, and that it attempted to "show" that overtime pay was provided, by manipulating the pay and time records at issue, in an effort to demonstrate compliance. Defendant vehemently disagreed with this assessment and maintained that Plaintiff's pay and time records were proper. The parties, for months disputed the entitlement to, and amounts of, the overtime damages Plaintiff was claiming. After months of negotiations, and only after the case was filed, did the parties ultimately decide that the risk vs. reward factor, necessitated settling this case, as it was in the best interests of both parties.

In settling this case, Plaintiff is in agreement that he is receiving all of the unpaid overtime wages to which he is entitled, and that his counsel, who took this case on a

contingency, reduced his attorneys' fees and costs incurred over the last five (5) months, to make the settlement happen to the benefit of his client. At no time did Defendant ever concede Plaintiff's position was correct, or that it violated the law. For that reason, Plaintiff's ability to recover what he obtained in settlement was in question. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). Plaintiff claimed the following alleged damages:

Plaintiff claimed the following alleged damages:

Plaintiff worked for Defendant for a total of 61 weeks from July 12, 2014, to September 11, 2015. Plaintiff was paid $18.00 per hour for all hours worked, and claimed that he regularly worked sixty (60) plus hours per week. Plaintiff claimed he was owed $9.00 per hour of half time, which calculated, totaled twenty (20) hours (average claimed) of overtime per week X $9.00 per hour, for a total of $180.00 owed per week. Doing the math at issue using Plaintiff's numbers, $180.00 per week X 61 weeks, totaled $10,980.00 unliquidated, and $21,960.00, liquidated. Defendant disagreed not only with the number of hours Plaintiff claimed he worked, but the manner in which the overtime compensation alleged was being calculated.

The parties engaged in no less than ten (10) exchanges of offers from April 2016, until the time this case was settled. Ultimately, the parties agreed to settle Plaintiff's claims for $14,000.00 to Plaintiff, and a payment of $11,000.00 to Plaintiff's counsel for attorneys' fees and costs. Plaintiff's counsel, through the date of this Court's denial of the initial Motion to Approve, billed a total of 41.90 hours of primarily attorney and some paralegal time, at a rate of $450.00 for counsel, and $105, respectively. Plaintiff's counsel also incurred $455.00 in filing fees and postage costs. Plaintiff's counsel's total attorneys' fees and costs incurred through the

date of the denial of the initial Motion to Approve are $17,388.75. Plaintiff's counsel reduced his attorneys' fees and costs, as a benefit to his client, to get the case settled.

Defendant takes no position regarding the reasonableness of attorneys' fees and costs, but wishes to settle this matter for the amounts and terms agreed upon by the parties. Plaintiff's has attached his Affidavit attesting to the reasonableness of the attorneys' fees and costs at issue, as well his fee ledger for this Court's review.

Based on the foregoing facts, the Parties submit that the Agreement is fair and reasonable where: Plaintiff's total possible unpaid wages (which are in dispute) are $10,980.00 unliquidated; Plaintiff, per the terms of the Agreement, would receive $14,000.00 of total possible unpaid wages which is in excess of the unliquidated amounts he could have recovered, and includes $3,020.00 in additional compensation to Plaintiff for confidentiality; and Plaintiff freely, willingly, and voluntarily wishes to accept the Settlement Agreement.

Both parties have stated that the proposed settlement is reasonable and fair, and that in arriving at the proposed settlement they considered: (1) liability disputes, including whether Plaintiff was compensated properly for all wages in accordance with the FLSA, (2) whether Plaintiff is entitled to alleged liquidated damages and whether the alleged FLSA violations were willful, (3) the likelihood of Plaintiff's success on the merits, and (4) other issues between the Parties that would provide benefits to Plaintiff in lieu of payment of any alleged wages. As such, the Parties respectfully submit that the Settlement Agreement represents an outcome that is reasonable and fair given the facts and issues of the case.

II. **Confidentiality**

The inclusion of the Confidentiality provision in the Settlement Agreement is an essential condition of the agreement that was reached by the Parties. While employed by Defendant, the

Plaintiff became privy to confidential business information. This includes financial information and proprietary information pertaining to Defendant's business. It is crucial that the Defendant's information remain confidential. Plaintiff has agreed to the Confidentiality provision set forth in the Settlement Agreement. The terms of the settlement itself are not subject to the confidentiality provision, but Plaintiff, as noted above, has been paid an additional amount of $3,020.00 in consideration for this additional obligation, as it is necessary to protect Defendant's business information.

WHEREFORE, the Parties respectfully request that the Court enter an order: 1) approving the terms of the settlement of Plaintiff's claims as set forth in the Settlement Agreement; 2) dismissing this action with prejudice; 3) reserving jurisdiction to enforce the terms of the Settlement Agreement; and 4) granting the Parties such further relief as the Court deems just and appropriate.

Respectfully submitted this 19th day of October, 2016.

| | |
|---|---|
| /s/   **Eric lee** | /s/   **Richard Celler** |
| Eric Lee, Esq. | Richard Celler, Esq. |
| Florida Bar No.: 961299 | Florida Bar No.: 173370 |
| Email: lee@leeamlaw.com | E-mail: richard@floridaovertimelawyer.com |
| Lee & Amtzis, L.P. | Richard Celler Legal, P.A. |
| 5550 Glades Road, Ste. 401 | 7450 Griffin Rd., Ste. 230 |
| Boca Raton, FL 33431 | Davie, FL  33314 |
| 561-981-9988 | 954-903-7475 |
| **Counsel for Defendant** | **Counsel for Plaintiff** |